FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

99 MAY -6  AM 11: 50

U.S. DISTRICT COURT
N.D. OF ALABAMA

In re:   WYATT OIL COMPANY, INC., )   Bankruptcy No.
         INC.                      )   97-72144
                                   )
                  Debtor.          )   Chapter 7

ENTERED

MAY 6 - 1999

=================================================================

WYATT OIL COMPANY, INC.,          )
                                  )
                  Appellant,      )
                                  )
     v.                           )   CIVIL ACTION NO. 97-G-1510-W
                                  )
VALREY W. EARLY III,              )
Bankruptcy Administrator,         )
                                  )
                  Appellee.       )

MEMORANDUM OPINION

**STATEMENT OF FACTS**

        This matter is before the court on appeal from the
dismissal of Wyatt Oil Company, Inc.'s Chapter 7 cause by the
bankruptcy court.  Issues presented on appeal follow:

        1)   Is the failure to appoint or elect a trustee
             "cause" for dismissal under 11 U.S.C. § 707(a)?

        2)   If this case is a bad faith filing does it warrant
             dismissal under 11 U.S.C. § 707(a)?

        3)   Is dismissal warranted under 11 U.S.C. § 305(a)?

/0

The bankruptcy court found that brothers John R. and Charles E. Wyatt have operated an oil distributing business in Tuscaloosa, Alabama continuously for a number of years under the names of Wyatt Oil Company, Inc.(debtor in bankruptcy) [hereinafter Wyatt Oil], Wyatt Brothers Oil, Inc. [hereinafter Wyatt Bros.], and under their individual names.

Wyatt Oil ceased to operate as a business or own assets on March 25, 1981. Its underground storage tanks continued to be registered with the Alabama Department of Environmental Management [hereinafter ADEM] under Wyatt Oil's name although they were used by Wyatt Bros.[1]  ADEM attorney Jim Stevens testified his agency issued 21 administrative orders in 1996 in an attempt to force Wyatt Oil to transfer registration of the underground tanks from the name of the non-operating, insolvent corporation to the name of the entity or individual(s) operating and profiting from use of the tanks. ADEM inspection of the tanks further showed no gasoline leak detection devices on any of the tanks, and that some pressurized lines lacked needed control mechanisms. Both state and city authorities are pursuing

---

[1]  The address of both entities is the same. *See In re Ripley & Hill, P.A.*, 176 B.R. 596 (Bankr. M.D.Fla. 1994), discussion beginning on page 12 of this opinion.

2

complaints against the Wyatts for two instances of gasoline contamination in Tuscaloosa,[2] including a gasoline leak into the city sewer system from a Wyatt-operated tank on McFarland Boulevard.

On September 18, 1996, John R. Wyatt (president), Charles E. Wyatt (vice-president), and Munter Wyatt (director), of Wyatt Oil voted to place the corporation in Chapter 7 bankruptcy. Minutes of the meeting recounted that the state was suing to collect an amount in excess of $700,000.00 in taxes, that ADEM had charged the corporation with numerous storage tank violations, and that the corporation was involved in a lawsuit in which United States Fidelity & Guaranty [hereinafter USF&G] was seeking damages for breach of a bond.

When the bankruptcy petition was filed September 20, 1996, the court appointed Robert A. Morgan, one of the panel Chapter 7 trustees for the Western Division of the Northern District of Alabama, as interim trustee. Because of ADEM environmental concerns, Mr. Morgan filed a rejection of the

---

[2] ADEM is now spending money to vent the city sewer system where gasoline leaked. ADEM attorney Stevens contends that the actions and inactions of tank operators were attempts to separate control and profits of the tanks from liability for environmental duties attendant with tank operation.

3

appointment on September 26, 1996. A listing of those concerns follows:

1)   The 100 underground tanks should be listed as the assets of the Wyatt Oil bankruptcy estate or transferred to Wyatt Bros, the Wyatts as individuals, or any other entity operating them for profit;

2)   All sites are currently being operated in violation of state law;

3)   ADEM is suing for $23,000.00 in back trust fund fees and regulatory fees;[3]

On October 2, 1996, debtor Wyatt Oil filed its schedule of assets and liabilities, showing the following:

1)   No equity security holders;

2)   No real property;

3)   No personal property;

4)   No secured creditors;

5)   No income from operation of business;

6)   No other income;

7)   No payment to creditors;

8)   No books, records or financial statements;

9)   No inventory; and

---

[3]   This debt cannot be discharged in bankruptcy.

4

    10)   No current partners, officers or
           shareholders.[4]

       Schedules showing liabilities indicated more than

a million dollars in debts:

    1)    Estimated $700,000.00 in unpaid taxes owed the
           Alabama Department of Revenue as unsecured
           priority debt;

    2)    $304,001.00 in unsecured nonpriority debt,
           including $300,000.00 in a "disputed" claim by
           USF&G;

    3)    $1,000.00 owed ADEM;

    4)    $3,000.00 owed the Department of Emergency
           Management of the City of Tuscaloosa; and

    5)    $1.00 "disputed" listing for Old Republic Surety
           Company.

       A statement of affairs listed the debtor as a

defendant in cases pending in Tuscaloosa County Circuit

Court in a suit by the Alabama Department of Revenue (CV 95-

317), a suit by the State of Alabama (CV95-750), and a suit

by USF&G (CV 94-620).  Mr. Morgan introduced Jim Stevens,

---

    [4] Another section of the schedules listed John R. Wyatt as
51 percent shareholder, Charles E. Wyatt as 49 percent
shareholder, and Munter Wyatt as director.

attorney for ADEM who listed his agency's environmental
concerns.

Following notice of bankruptcy sent to creditors
and other interested parties on September 22, 1996, Wyatt
Oil was noticed as a "no asset" Chapter 7 case, there being
no apparent assets available from which payment could be
made to unsecured creditors. An October 2, 1996, status
conference was held because of the trustee's rejection of
appointment.  Donald L. Dionne, the other Chapter 7 panel trustee
for the Western Division, indicated he, too, would reject
appointment as trustee for Wyatt Oil.  Mr. Morgan reaffirmed his
rejection. The court told parties that Helen H. Ellis, attorney
for the Western Division of the Bankruptcy Administrator's
office, would continue efforts to secure a trustee for the case.

At the conference the court was informed by defendant's
counsel that the corporation had not done business since the
divorce of one of the Wyatts and the case had been referred to
him by attorneys involved in several lawsuits in which Wyatt Oil,
Wyatt Bros., and the individual Wyatts were involved.  Although
asked to consolidate the actions against Wyatt Bros. and the
individual Wyatts in bankruptcy with the Wyatt Oil action, since

6

Wyatt Bros. and the individual Wyatts are not in bankruptcy their

assets are not being supervised for the benefit of creditors by

the bankruptcy court.

Record of the October 16, 1996, Section 341 meeting of

creditors of Wyatt Oil convened by Ellis in the absence of a

trustee, indicates "Meeting to be Rescheduled upon Appointment of

Trustee."

A January 14, 1997, report to the court from the

Bankruptcy Administrator's office noted that a meeting had been

held January 13, 1997, and the examination of the debtor had been

conducted.  No trustee had been elected. At the March 4, 1997,

court hearing on the Bankruptcy Administrator's motion to

dismiss, the Bankruptcy Administrator again recommended that the

case be dismissed for lack of a trustee.  Attorneys questioned

outlined the following reasons for dismissal:

1)  Since the debtor is a corporation there is no
    possibility of discharge in Chapter 7;

2)  No assets to pay creditors had been identified;

3)  The City of Tuscaloosa's environmental claim had
    been asserted against Wyatt Oil in Tuscaloosa
    County Circuit Court; and

4)  Presence of the non-operating corporation in
    bankruptcy might confuse progress toward resolving
    the city's claims against those responsible for
    the gasoline contamination.

7

On October 17, 1997, acting for Valrey W. Earley III,

Bankruptcy Administrator for the Northern District of Alabama,

Ellis filed a motion to dismiss Wyatt's Oil's Chapter 7

proceeding, said motion indicating that all panel trustees were

unwilling to accept the trustee position.

Following 11 U.S.C. § 305(a), the court announced from

the bench that it would dismiss Wyatt's Chapter 7 action for the

following reasons:

1)   The debtor had had notice and a hearing;

2)   There was no benefit to debtor or creditors from the
     continued existence of the bankruptcy case since the
     debtor would get no discharge;

3)   There were no assets to administer; and

4)   If the litigants secured a judgment against the
     insolvent corporation, the judgments could not be
     collected.

A written order granting the Bankruptcy Administrator's motion to

dismiss was executed and entered March 11, 1997.  The debtor

filed notice of appeal on March 11, 1997.

## I.   DISMISSAL  FOR "CAUSE" UNDER 11 U.S.C § 707(a)

From the above-stated facts the court concluded it had

jurisdiction to dismiss the Chapter 7 proceeding: "The court may

8

dismiss a case under this chapter only after **notice** and a

**hearing**[5] and **only for cause**, including ... ." 11 U.S.C. § 707(a)

(Emphasis added). *See In Re Huckfeldt*, 39 F.3d 829, 831 (8th

Cir.1994)("Use of the introductory word 'including' means that

these three (enumerated) types of 'cause' are nonexclusive.")

This does not require action or inaction of the debtor prior to

dismissal.  Dismissal depends on the facts of the individual

case.

Under 11 U.S.C. § 305(a)(1) bankruptcy courts may

dismiss cases if "the interests of creditors and the debtor would

be better served by such dismissal or suspension." While Wyatt

Oil contends that the failure to appoint a trustee does not

constitute "cause" for dismissal, it is not the failure to

appoint a trustee, but the inability to administer the estate

which constitutes "cause" warranting dismissal. *See In re 82

Milbar Boulevard Inc.*, 91 B.R. 213 (Bankr. E.D.N.Y. 1988).  The

*Milbar* court found that where there are serious environmental

issues which create potential liability to a trustee beyond

---

[5]  "The phrase 'after notice and hearing' means 'after such
notice as is appropriate in the particular circumstances, and
such opportunity for a hearing as is appropriate in the
particular circumstances....' 11 U.S.C. § 102(1)(A)."

normal liability the reasonable unwillingness of a trustee to serve is "cause" warranting dismissal.  In the instant case Morgan rejected appointment because of his concerns over the environmental issues.  Apparently Dionne rejected the appointment for similar reasons. No one else stepped forward to assume the trustee appointment. Even were there a willing trustee the trustee would be unable to administer the estate because of the same environmental problems--problems which cannot be addressed by the bankruptcy court. *See In re Charles George Land Reclamation Trust*, 30 B.R. 918 (Bankr. D.Mass. 1982) (Bankruptcy court dismissal of the Chapter 7 action was appropriate since it was impossible for any trustee to manage the debtor's site in compliance with state law and since existence of the automatic stay would permit the debtor to impede the clean-up operations of the site required by state and federal agencies.).  Dismissal of the Chapter 7 action allows ADEM and the City of Tuscaloosa to assert their powers under federal, state, and local statues. "Cause" for dismissal exists.

10

## II.  BAD FAITH FILING DISMISSAL UNDER 11 U.S.C. § 707(a)

Dismissal is warranted under 11 U.S.C. § 707(a). Judge

Benjamin Cohen cited abuse of provisions of the Bankruptcy Code

as one of four outlined facts the court may consider in dismissal

of a Chapter 7 action in *In re Turner*, 195 B.R. 476, 493 (Bankr.

N.D.Ala. 1996).  Judge Cohen, at 492, noted that the Bankruptcy

Code despises a fraudulent debtor and has given the court the

facilities to deal with one. *See In re Ripley & Hill, P.A.*, 176

B.R. 596 (Bankr. M.D.Fla. 1994) (The bankruptcy court held that

the case would be dismissed for cause since the debtor could not

receive a discharge and that filing a petition in bad faith

constitutes reason to dismiss a case.); *In re Tanguay*, 206 B.R.

575, 577 (Bankr. M.D.Fla. 1997) (An example of acceptable

dismissal for cause under 11 U.S.C. § 707(a) is a "debtor's lack

of good faith in filing the bankruptcy case."); *In re Creazzo*,

172 B.R. 657, 658 (Bankr. M.D.Fla. 1994) ("Debtor's good faith is

an implicit jurisdictional prerequisite for filing a Petition for

Relief under Chapter 7 of the Bankruptcy Code.") *See also* Fed. R.

Bankr. P. 9011 which requires good faith filing and governs the

signing and verification of court filings, including imposition

of sanctions for bad faith filings; *In re Armwood*, 175 B.R. 779,

11

787 (Bankr. N.D.Ga. 1994) (Dismissal "with prejudice" was appropriate remedy for bad faith filing.).

Judge Cohen, 195 B.R. at 494 in *In re Turner*, cited the following passage from *Ripley & Hill* pertaining to balancing the equities of each case in analyzing bad faith:

> In deciding whether to dismiss a case because of bad faith, courts are guided by equitable principles and should balance the benefit and harm to creditors and the debtor. *In re Atlas Supply Corp.*, 857 F.2d 1061 (5th Cir. 1988). In chapter 7 cases courts should also seek to protect the debtor's fresh start and to facilitate the fair and orderly distribution of assets. *In re Campbell*, 124 B.R. 462 [(Bankr.W.D.Pa)]; *In re Grieshop*, 63 B.R. 657 (N.D.Ind. 1986). Each case must, of course, rise or fall on its own facts and an assessment of the totality of the circumstances.

The *Ripley & Hill* court dismissed the Chapter 7 proceeding for bad faith filing, considering the corporate debtor a "corporate shell." Pertinent to the facts of the case at bar, the *Ripley & Hill* court, 176 B.R. at 597, made the following findings of fact:

> Debtor, prior to its chapter 7 filing, did not have employees, an office, or telephone number separate from the shareholders' individual professional associations. The employees of the individual associations did the work of the debtor and debtor was run from the location of one or the other of the individual associations.

In finding the "fresh start" and "fair distribution

goals of Chapter 7 inapplicable the *Ripley* court enumerated the

following:

> Debtor, a corporation, cannot receive a discharge in chapter 7 thus the fresh start policy is irrelevant. In addition, debtor is a no asset corporation. Thus there are no assets to distribute, so concern with the fair and orderly distribution of assets is also irrelevant.
>
> Had this case come before the court upon a motion to abstain or for relief from stay to pursue the pending state court action it would have been an easy case because this is a two party dispute which is partially adjudicated and more properly belongs in the state court. Debtor is essentially a corporate shell without assets through which some attorney's were funneled prior to paying the shareholders' individual attorneys which has a dispute with its one creditor. In such a case the Court has previously held that it should refrain from exercising its jurisdiction. *In re Heritage Wood 'N Lakes Estates, Inc.*, 73 B.R. 511 (Bankr.M.D.Fla. 1987).

176 B.R. at 598-99.

In the instant case Wyatt Oil, a corporation, has no

assets with which to liquidate debt. It can, therefore, not be

injured by any judgment entered against it in pending lawsuits

The bad faith bankruptcy filing by this corporate shell to avoid

state court litigation was properly dismissed by the bankruptcy

court.

13

**III.   DISMISSAL UNDER 11 U.S.C. § 305(a)**

Dismissal is warranted under 11 U.S.C. § 305(a).
The interests of creditors and debtors would be better
served.   Determining factors under this statute were set in
*In re 801 South Wells Street Ltd. Partnership*, 192 B.R. 718,
723 (Bankr. N.D. Ill. 1996).   Applicable considerations for
the case at bar are: 1) the availability of another forum to
protect the interest of the parties;[6] 2) the necessity of a
federal proceeding;[7] and 3) the purpose for which bankruptcy
jurisdiction has been sought.[8]

Factors considered by the Wyatt Oil court's
analysis of dismissal under § 305(a) include "fairness,
priorities in distribution, capacity for dealing with frauds
and preferences, speed, economy, freedom from litigation,

---

[6] The state court actions pending can best protect the
interest of the parties.

[7] This proceeding would only delay the state court
actions.

[8] It is apparent to the court that bankruptcy
jurisdiction has been sought as an effort to avoid pending,
potential liabilities resulting from the state court
actions.

14

and the importance of a discharge to the debtor." *In Re ABQ-MCB Joint Venture*, 153 B.R. 338, 341 (Bankr. D.N.M. 1993).

Similarly, the court in *In re Triana Associates*, 128 B.R.

858, 867 (Bankr. E.D.N.Y. 1991)cited criteria, set forth

below, relevant to the analysis:

> (1) economy and efficiency of administration; (2) whether another forum is available to protect the interest of both parties or there is already a pending proceeding in a state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving the equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interest in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which jurisdiction has been sought. *In re Fax Station*, 118 B.R. 176, 177 (Bankr. D.R.I. 1990).

In the case at bar the bankruptcy court found that it would be more economical and efficient to allow the state courts to proceed with pending suits rather than to bring all issues before the bankruptcy court. Equitable distribution of assets is not an issue. Wyatt Oil has no assets to distribute. Since Wyatt Oil is a corporation there

is no chance for discharge. A more just and equitable

solution is likely to be reached outside bankruptcy court

than within it.

## CONCLUSION

This court affirms the decision of the bankruptcy

judge dismissing the case.  The interests of the debtor and

creditors were better served by dismissal than by having the

debtor remain in bankruptcy.  Dismissal is in the best

interests of all parties. Reiterating the reasoning

of the bankruptcy court announced from the bench, this court

holds that the dismissal of this bankruptcy proceeding is

affirmed.

1.    The debtor had had notice and a hearing;

2.    There was no benefit to debtor or creditors from
      the continued existence of the bankruptcy case
      since the debtor would get no discharge;

3.    There were no assets to administer;

4.    If the litigants secured a judgment against the
      insolvent corporation, the judgments could not be
      collected.

16

An order consistent with this opinion is being

entered contemporaneously herewith.

DONE and ORDERED this 6th day of May 1999.

UNITED STATES DISTRICT JUDGE

J. FOY GUIN, JR.

17